### In re EGGERT.

**(District Court, E. D. Wisconsin. January 8, 1900.)**

**1. BANKRUPTCY—PREFERENCE—KNOWLEDGE OF CREDITOR.**

Where a creditor settles his account with his debtor by giving him a discount for cash to the amount usual in his line of business and stipulated for in the contract, and by accepting for the balance an order on a city for money due or to become due the debtor under a contract with the city, and within four months thereafter the debtor becomes bankrupt, the transaction is not voidable by the trustee as a preference, if the creditor had no knowledge or reasonable cause to believe that the debtor was insolvent, or that a preference was intended.

**2. SAME—NOTICE OF DEBTOR'S INSOLVENCY.**

Under Bankr. Act 1898, § 60b, providing that a preference given by an insolvent debtor within four months before the filing of a petition in bankruptcy shall be voidable by the trustee if the creditor had "reasonable cause to believe that it was intended thereby to give a preference," such cause of belief on the creditor's part implies, as its foundation, reasonable cause to believe that the debtor is insolvent, within the meaning of that term as defined in the present act; and mere knowledge that the debtor "was behind in his payments with his creditors" is not sufficient to charge the creditor with such notice, though he made no inquiries as to the debtor's solvency, if he did not practice any fraud, deceit, or collusion with the debtor.

In Bankruptcy. On question certified by the referee whether an assignment by the bankrupt of a claim against the city of Milwaukee for $1,241.10, made to the Rundle-Spence Manufacturing Company, a creditor, within four months before the filing of the petition, in consideration of a cash discount granted by the creditor on an account for goods theretofore sold, constitutes an unlawful preference, under the provisions of section 60 of the bankruptcy act.

Bloodgood, Kemper & Bloodgood, for trustee.

A. G. Weissert, for Rundle-Spence Mfg. Co.

SEAMAN, District Judge. The findings of fact certified in this matter are conclusive against the contention of a preference received by the creditor within the definitions of the statute. The transaction, as so found, was substantially this: The bankrupt was indebted to Rundle-Spence Manufacturing Company in the sum of $1,373.04 for supplies sold between April 28 and June 5, 1899, on credit, and on July 1st the account was adjusted by giving the bankrupt "a discount of ten per cent., which is the usual discount for cash in that line of business" and "pursuant to the contract under which the goods were purchased," and by the acceptance of an order on the city of Milwaukee for $1,241.10, due or to become due from said city on a contract with the bankrupt. The creditor "had no knowledge of the fact that the said" bankrupt "was insolvent, and had no reasonable cause to believe that it was intended by the transfer to give it a preference." The transaction thus stated is not prohibited by the act; and the further findings of knowledge that the bankrupt "was behind in his payments with his creditors," and that no inquiries were made by the creditor to ascertain his solvency, do not affect the liability, when followed by the finding that the creditor "practiced no fraud or

deceit, nor did it act in collusion with the bankrupt." To constitute a voidable preference, as defined in sections 60a, 60b, the creditor must have reasonable cause to believe the debtor to be insolvent in fact, as the foundation for reasonable cause to believe that an unlawful preference is intended; and on that inquiry the test of insolvency under the present act differs so materially from that established under the act of 1867 that decisions under the earlier act are not applicable. As now defined (section 1, cl. 15), a person is to be deemed insolvent when the aggregate of his present property "shall not, at a fair valuation, be sufficient in amount to pay his debts," while insolvency was found to exist under the act of 1867 when one "was unable to pay his debts as they became due in the ordinary course of his daily transactions" (Buchanan v. Smith, 16 Wall. 277, 308, 21 L. Ed. 280), and the state of facts which would constitute notice must differ accordingly. Even under that act, however, mere grounds of suspicion were not sufficient notice, but the creditor must have a knowledge of facts calculated to produce a belief of insolvency in the mind of an ordinarily intelligent man. Grant v. Bank, 97 U. S. 80, 82, 24 L. Ed. 971. Both findings and testimony in this case disclose a fair business transaction, without taint or suspicion of fraudulent preference, and the conclusions of the referee in favor of the claimant are approved.