## TURNER v. FISHER et al.

### (District Court, N. D. California, March 11, 1904.)

### No. 295.

1. BANKRUPTCY — VOIDABLE PREFERENCE — REASONABLE CAUSE TO BELIEVE DEBTOR INSOLVENT.

Evidence considered, and *held* insufficient to show that a creditor to whom the debtor transferred property while insolvent, and within four months prior to his bankruptcy, had reasonable cause to believe him insolvent at the time, or that he intended to give a preference, so as to entitle the trustee to recover the property.

Action by Trustee in Bankruptcy to Avoid a Preference.

R. H. Cross, for plaintiff.
John R. Glascock, for defendants.

DE HAVEN, District Judge. This action is brought by the trustee of the bankrupt, Curry, for the purpose of setting aside an assignment made by the bankrupt to the Puget Sound Lumber

Company, of a certain note and mortgage. The assignment was executed on January 16, 1903, and within four months thereafter Curry was adjudicated a bankrupt. The complaint alleges that upon the date of the assignment Curry was insolvent, and that the Puget Sound Lumber Company, and its agents acting therein, had reasonable cause to believe that in making the assignment he intended to give a preference to the Puget Sound Lumber Company. The evidence, in my opinion, shows that Curry was insolvent at the time when he made the assignment referred to, but is not sufficient to show that the Puget Sound Lumber Company, or either of its agents, Fisher or Hunt, had reasonable cause at that time to believe that he was insolvent. The question of a creditor's knowledge of a debtor's financial condition, or whether he had reasonable cause to believe him insolvent, is one of fact, and the rule which governs the court in its determination is thus stated in section 963 of Brandenburg on Bankruptcy (3d Ed.):

"The creditor is not charged with knowledge of his debtor's financial condition from the mere nonpayment of his debt, or from circumstances which gave rise to mere suspicion in his mind of possible insolvency; nor is it essential that the creditor should have actual knowledge of or belief in his debtor's insolvency, but that he should have reasonable cause to believe his debtor to be insolvent. He has reasonable cause so to believe if facts and circumstances with respect to the debtor's financial condition are brought home to him, such as would put an ordinarily prudent man upon inquiry, for he is charged with knowledge of the facts which such inquiry should reasonably be expected to disclose, or if he has knowledge of facts and circumstances which would cause a reasonably prudent man so to believe. While constructive notice is sufficient ground for such belief, yet the circumstances upon which such notice is predicated must be of a character to induce belief, as distinguished from mere suspicion."

And in discussing the same question, Mr. Justice Bradley, in delivering the opinion of the Supreme Court in the case of Grant v. National Bank, 97 U. S. 80, 24 L. Ed. 971, said:

"It is not enough that a creditor has some cause to suspect the insolvency of his debtor, but he must have such a knowledge of facts as to induce a reasonable belief of his debtor's insolvency, in order to invalidate a security taken for his debt. To make mere suspicion a ground of nullity in such a case would render the business transactions of the community altogether too insecure. It was never the intention of the framers of the act to establish any such rule. A man may have many grounds of suspicion that his debtor is in failing circumstances, and yet have not cause for a well-grounded belief of the fact. He may be unwilling to trust him further; he may feel anxious about his claim, and have a strong desire to secure it; and yet such belief as the act requires may be wanting. Obtaining additional security or receiving payment of a debt under such circumstances is not prohibited by the law."

See, also, Stucky v. Masonic Savings Bank, 108 U. S. 74, 2 Sup. Ct. 219, 27 L. Ed. 640; In re Eggert (D. C.) 98 Fed. 843; Id., 102 Fed. 735, 43 C. C. A. 1.

The evidence of the witnesses Fisher and Hunt, agents of the defendant corporation, is, in my opinion, entitled to credit. They testified, in substance, that they did not know of the insolvency of Curry, and, while the account due from him to the Puget Sound Lumber Company was about three months overdue, they were not pressing him for payment, and did not believe he was insolvent; and I am not satisfied from the evidence that any fact was brought

to their notice sufficient to excite in their minds as reasonable men a belief of the bankrupt's insolvency. My conclusion from all of the evidence is that the Puget Sound Lumber Company did not at the date of the assignment have reasonable cause to believe that in making it the bankrupt intended to give a preference to it, and the agents of the corporation did not at that time know that the bankrupt was in fact insolvent.

In accordance with these views, the defendants are entitled to judgment, and it is so ordered.