## PAPER et al. v. STERN.

(Circuit Court of Appeals, Eighth Circuit. August 19, 1912.)

No. 3,668.

*(Syllabus by the Court.)*

1. BANKRUPTCY (§ 159*)—PREFERENCES—STATUTORY PROVISION—"CREDITOR."

A guarantor, an indorser, an accommodation maker, or a surety, on the obligation of a bankrupt, is a creditor within the meaning of section 60b of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445).

The fact that the guarantor or indorser did not pay or induce the payment of the debt, but the payment was made by the bankrupt, does not except the case from the operation of the rule.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 247–281; Dec. Dig. § 159.*

For other definitions, see Words and Phrases, vol. 2, pp. 1713–1727; vol. 8, pp. 7622, 7623.]

2. BANKRUPTCY (§ 176*)—PREFERENCES—"INSOLVENT."

A transfer by a bankrupt within four months of the filing of the petition does not create a voidable preference unless he is "insolvent"; that is to say, unless his property at a fair valuation is insufficient to pay his debts at the time of the transfer.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 249; Dec. Dig. § 176.*

For other definitions, see Words and Phrases, vol. 4, pp. 3647–3655; vol. 8, p. 7689.]

3. BANKRUPTCY (§ 166*)—PREFERENCES—CREDITORS—REASONABLE CAUSE TO BELIEVE—SUSPICION—FEAR.

Proof of knowledge or notice of facts which give a creditor, or a person to be benefited by a preference, reasonable cause to believe at the time of the transfer that it is intended to give a preference thereby, is indispensable to the establishment of a voidable preference.

Suspicion, fear, and facts that arouse suspicion and fear in the mind of the creditor, or the party to be benefited, but give no reasonable

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

ground for him to believe that a preference is intended by the transfer, do not make such a preference voidable.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250–258; Dec. Dig. § 166.*]

Appeal from the District Court of the United States for the District of North Dakota.

Action by Max Stern, as trustee in bankruptcy of the estate of Dave Naftalin, against Sam Paper and another, copartners under the firm name and style of Fargo Iron & Metal Company. From a decree (183 Fed. 228) for plaintiff, defendants appeal. Affirmed.

Ball, Watson, Young & Lawrence, for appellants.

Sam T. Swansen and T. C. Richmond (Ralph W. Jackman, of counsel), for appellee.

Before SANBORN and HOOK, Circuit Judges, and WILLARD, District Judge.

SANBORN, Circuit Judge. Sam Paper and Abraham Yoffey have appealed from a decree that a transfer of some of the property of the bankrupt, Dave Naftalin, to them on February 13, 1908, constituted a voidable preference under section 60b of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 562 (U. S. Comp. Stat. 1901, p. 3445), and that the trustee recover of them the value of this property. Naftalin was adjudged a bankrupt on March 24, 1908. He had been engaged in the business of a retail merchant of clothing, gents furnishing goods, boots, and shoes at Fargo, N. D., for about four years. He had a stock of goods worth somewhere from $5,000 to $10,000. In March, 1907, he gave his promissory note for $3,000, payment of which was guaranteed by the appellants to the First National Bank of Fargo, the note and guaranty were renewed for 90-day periods, and one or two small payments were made upon the debt until, on February 13, 1908, the bank held the note of Naftalin and the guaranty of the appellants for $2,948.35, principal and interest, dated December 16, 1907, due March 16, 1908. Naftalin was, and for some months had been, unable to pay his debts as they matured, the bank had received several drafts on him which it had been compelled to return unpaid, the appellants were engaged in business in Fargo and had exchanged checks with and loaned small amounts to Naftalin from time to time, which he had repaid. The bank had notified Naftalin that its discount committee insisted that his note should be paid, and the appellant Paper knew this fact. Thereupon Naftalin sold a portion of his stock of merchandise that cost him $4,400 to the appellants for $3,140, the appellants borrowed of the bank on their note on February 13, 1908, $2,950, and gave Naftalin their check for that amount in part payment for this merchandise because he told them he wanted this amount of money then to pay the bank, and Naftalin on the same day gave the bank his check

for $2,948.35 in payment of his note. A few days later the appellants paid Naftalin the remainder of the purchase price of the goods they bought.

The appellants specify three errors: That the court ruled that the appellants were creditors of the bankrupt at the time of the transfer; that it found that Naftalin was insolvent at that time; and that it found that the appellants had reasonable ground to believe that it was intended to give a preference by the transfer. The first specification presents a question of law; the second and third questions of fact.

[1] In 1908, section 60b provided that if a bankrupt shall have given a preference within four months preceding the filing of the petition in bankruptcy, "and the person receiving it, or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee." If Naftalin was insolvent at the time of the transfer here in issue so that he could not pay his creditors in full, it is evident that the appellants, who were guarantors of the payment of his note to the bank and who must have paid it if he did not, were the parties to be benefited by this transaction whether they were creditors or not, so that the objection here urged would not be fatal to the decree if the appellants were not creditors. The rule, however, is too well settled, and the reasons for it have been too often and too clearly stated, to warrant further discussion, that a guarantor, an indorser, an accommodation maker, or a surety on the obligation of a bankrupt is a creditor within the meaning of section 60b of the Bankruptcy Act. Swarts v. Siegel, 117 Fed. 13, 18, 54 C. C. A. 399, 404; Kobusch v. Hand, 156 Fed. 660, 84 C. C. A. 372; Huttig Mfg. Co. v. Edwards, 160 Fed. 619, 87 C. C. A. 521; 1 Loveland on Bankruptcy, p. 989. The argument, which has been presented with much force and acumen, that this case should be excepted from this rule because the guarantors did not pay, or induce the payment of the debt, and the bankrupt himself paid it, has been deliberately and thoughtfully considered; but it presents to our minds no sound reason for an exception to the rule, and there was, in our judgment, no error in determining the rights of the parties upon the theory that the appellants were creditors of the bankrupt and parties to be benefited by the transfer. Goldberg v. Harlan, 33 Ind. App. 465, 67 N. E. 707, 710.

[2, 3]. The second and third specifications of error present questions of fact, the questions whether the evidence sustains the findings below that the bankrupt was insolvent, and that the appellants had reasonable cause to believe at the time the transfer was made that it was intended thereby to give a preference. The rules of law which condition these issues are: A transfer does not create a voidable preference unless the bankrupt is insolvent, that is to say, unless his property at a fair valuation is insufficient to pay his debts at the time of his transfer. Proof of knowledge of facts which give a creditor, or a person benefited by a preference,

reasonable cause to believe at the time of the transfer that it is intended to give a preference thereby, is indispensable to the establishment of a voidable preference. Suspicion, fear, and facts that arouse suspicion and fear in the mind of the creditor, or party to be benefited, but give no reasonable ground for him to believe that a preference is intended by the transfer, do not make such a preference voidable. Powell v. Gate City Bank, 178 Fed. 609, 617, 102 C. C. A. 55, 63; Grant v. National Bank, 97 U. S. 80, 81, 24 L. Ed. 971; In re Eggert (D. C.) 98 Fed. 843; Id., 43 C. C. A. 1, 102 Fed. 735; In re Goodhile (D. C.) 130 Fed. 471, 475; Turner v. Fisher (D. C.) 133 Fed. 594, 595; Off v. Hakes, 142 Fed. 364, 365, 73 C. C. A. 464, 465; In re Pfaffinger (D. C.) 154 Fed. 523, 525. This court has applied these rules of law to this case. With them in mind the evidence in the record before us has been carefully examined, and it has convinced that the court below made no mistake in the findings of fact which are here challenged. That evidence covers more than 190 pages of the printed record, the court below reviewed it and set forth some of the salient facts it proved, in a clear opinion, which has been published in the Federal Reporter, Stern v. Paper (D. C.) 183 Fed. 228, and a second recitation and review of this evidence would be worse than useless labor.

Suffice it to say that the decree below was right, and it must be affirmed.