GILBERT H. MONTAGUE, as Receiver of HOTEL GOTHAM
COMPANY, Appellant, v. HOTEL GOTHAM COMPANY,
Defendant, and FIFTY-FIFTH STREET COMPANY,
Respondent.

Stock corporations — insolvency — when payment to creditor
constitutes illegal preference.

Payment of its entire assets by an insolvent stock corporation to
a single creditor, while largely indebted to others, constitutes an
illegal preference under section 66 of the Stock Corporation Law
(Cons. Laws, ch. 59).
*Montague* v. *Hotel Gotham Co.*, 149 App. Div. 942, reversed.

(Argued May 14, 1913; decided May 23, 1913.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered March 11, 1912, affirming a judgment in favor of
defendants entered upon a dismissal of the complaint by
the court on trial at Special Term in an action brought
pursuant to section 66 of the Stock Corporation Law to
set aside certain payments and transfers made by the
Hotel Gotham Company.

The facts, so far as material, are stated in the opinion.

*Alfred A. Wheat* and *William S. Woodhull* for appel-
lant.   The transfers involved herein were void under the
statute if made (1) while the corporation was insolvent or
its insolvency was imminent, and (2) with the intent of
giving preference to particular creditors.   The purpose
of the statute is to secure equality among the creditors
of insolvent corporations, and it is to be liberally con-
strued in the effectuation of that purpose.   (L. 1909, ch.
61, § 66; *Lodi Chemical Co.* v. *Nat. Lead Co.*, 41 App.
Div. 535; *Throop* v. *Hatch Lithographic Co.*, 125 N. Y.
530; *Munson* v. *Genesee, etc., Co.*, 35 App. Div. 203;
*Cole* v. *Millerton Iron Co.*, 133 N. Y. 164.)   The pay-

ments and transfers involved were unlawful, and the defendants should be required to account therefor. (*Perry* v. *Van Norden Trust Co.*, 118 App. Div. 288; *Cole* v. *Millerton Iron Co.*, 133 N. Y. 164; *Wright* v. *Gansevoort Bank*, 52 Misc. Rep. 214; *Baker* v. *Emerson*, 4 App. Div. 348; *Olney* v. *Baird*, 7 App. Div. 95; *Salt* v. *Ensign*, 79 Hun, 107; *Oxford Iron Co.* v. *Slafter*, 13 Blatchf. [U. S.] 455; *Kingsley* v. *First Nat. Bank*, 31 Hun, 329; *Casserly* v. *Manners*, 9 Hun, 695.)

*Alexander S. Andrews* and *John Larkin* for respondent. Section 66 (formerly section 48) of the Stock Corporation Law does not apply here. (*Converse* v. *Sharp*, 161 N. Y. 571; *Swan* v. *Stiles*, 94 App. Div. 117.) For every payment made to the Fifty-fifth Street Company it gave present value, viz., permitting the continued possession of the premises. A creditor whose position is equivalent to that of a purchaser for value cannot be illegally preferred, and is not within section 66 of the statute. (*Perry* v. *Trust Co.*, 192 N. Y. 189; *Otis* v. *Conway*, 114 N. Y. 13; *Riggs* v. *Whitney*, 15 Abb. Pr. 388; *Matter of Barrett*, 6 Am. Bank. Rep. 199; *Mayer* v. *Templeton*, 53 S. W. Rep. 68; *N. Y. Land, etc., Co.* v. *Chapman*, 118 N. Y. 288; *Brainerd* v. *Dunning*, 30 N. Y. 211; *Matter of Wing*, 83 Hun, 284; *Paulding* v. *Steel Co.*, 94 N. Y. 334.) There was no intent to prefer the respondent over other creditors. (*Curtis* v. *Leavitt*, 15 N. Y. 91; *Gordon* v. *Southgate*, 109 App. Div. 838; *American Mortgage Co.* v. *Merrick*, 50 Misc. Rep. 464; *Swan* v. *Stiles*, 94 App. Div. 117; *Converse* v. *Sharpe*, 161 N. Y. 571; *Perry* v. *Trust Co.*, 192 N. Y. 189; *Sanford Co.* v. *Howe Co.*, 157 U. S. 312; *Abrams* v. *Brewing Co.*, 142 App. Div. 392.)

Chase, J. The Hotel Gotham Company was dispossessed from the hotel occupied by it as a tenant on May 9, 1908, and thereafter had no interest therein. On the

same day the Fifty-fifth Street Company took possession of the furniture and equipment of said hotel pursuant to the terms of a chattel mortgage owned by it thereon. It subsequently appeared that said furniture and equipment taken under said chattel mortgage was not worth as much as the claim against the hotel company for which it was held as collateral.

It further appeared that the Fifty-fifth Street Company as a creditor of the hotel company received on May 9, 1908, from said hotel company $2,173.37 and certain personal property, consisting principally of perishable hotel supplies, and on or about May 31, 1908, $7,762.07, which items of cash constituted the only remaining assets of said hotel company. The hotel company at that time was indebted to other creditors in an amount exceeding $30,000, which it was and is wholly unable to pay.

These facts, which are not disputed or explained, except as hereinafter stated, require us to hold as a matter of law that such payments were made with intent of giving a preference to the Fifty-fifth Street Company over other creditors of the hotel company.

The officers of the Fifty-fifth Street Company undoubtedly intended at that time to reorganize or have reorganized the hotel company and provide in such reorganization for the payment of its remaining creditors in full. Such intent did not, however, prevent the facts found from constituting as a matter of law an intent by the hotel company to give the Fifty-fifth Street Company a preference. The fact that the hotel company was not reorganized and the further fact that the creditors of the hotel company were never paid simply emphasize the preference that was given at the time when the Fifty-fifth Street Company received all of the remaining assets of the hotel company.

The findings of the trial court sustain the conclusion that none of the other payments made by the hotel company to the Fifty-fifth Street Company, mentioned in the

complaint, was made with intent of giving a preference to the Fifty-fifth Street Company over other creditors of the hotel company.

It is also found in substance that said personal property, consisting principally of perishable hotel supplies, could not have been sold so as to produce any net sum for the creditors of the hotel company, and that the transfer thereof to the Fifty-fifth Street Company for a credit by it of the book value thereof to the hotel company was not fraudulent or preferential under the circumstances narrated. We cannot say as a matter of law that such finding was an error.

The judgment in favor of the defendants should be reversed and judgment directed upon the findings in favor of the plaintiff and against the defendant Fifty-fifth Street Company for $9,935.44, with interest on $2,173.37 thereof from May 9, 1908, and on $7,762.07 thereof from May 31, 1908, without costs in any court to either party.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT, CUDDEBACK and HOGAN, JJ., concur; MILLER, J., not sitting.

Judgment accordingly.