## GRANDISON v. ROBERTSON et al.

### (District Court, W. D. New York. February 15, 1915.)

**1. BANKRUPTCY ⊜⟹303—PREFERENCES—SETTING ASIDE—SUFFICIENCY OF EVIDENCE.**

In a suit by a trustee in bankruptcy to recover alleged preferential payments to private bankers, evidence *held* insufficient to show that they had cause to believe that a preference was intended.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 458–462; Dec. Dig. ⊜⟹303.]

**2. BANKRUPTCY ⊜⟹166—PREFERENCES—PAYMENTS CONSTITUTED.**

Bankr. Act July 1, 1898, c. 541, 30 Stat. 544, requires a restoration of preferential payments only where the creditor has reasonable cause to believe that a preference will result from payments made within four months prior to bankruptcy, and does not take away from a banker the right to transact business with a customer in the ordinary way, and he may take renewal notes in extension of credit and receive partial payments of his debt, and during the continuance of the relation with the banker may assume that the bankrupt is solvent and carrying on business in the usual way, and, though it turns out that the bankrupt was insolvent, may receive payment without incurring liability to restore them when bankruptcy intervenes.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250–253, 255–258; Dec. Dig. ⊜⟹166.]

**3. BANKRUPTCY ⊜⟹164—PREFERENTIAL PAYMENTS—RECOVERY.**

Under Stock Corporation Law N. Y. (Consol. Laws, c. 59) § 66, providing that no conveyance, payment, etc., by any corporation or any officer, director, or stockholder, when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor, shall be valid, and that every person receiving by means of any such prohibited act or deed any property of the corporation shall be bound to account therefor to its creditors, stockholders, or other trustees, where the payee of a corporation's notes received payments thereon from accounts, assigned to an indorser on the notes to secure his indorsement, an action could be brought against the payee to recover the payments; the indorser being merely the instrument through which the preferential payments were made.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 267; Dec. Dig. ⊜⟹164.]

**4. CORPORATIONS ⊜⟹544—INSOLVENCY—PREFERENTIAL PAYMENTS—RECOVERY.**

Under Stock Corporation Law N. Y. § 66, preferential payments to a creditor of an insolvent corporation may be recovered; it not being necessary that the person receiving the preferential payment should be a stockholder.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2162–2169; Dec. Dig. ⊜⟹544.]

**5. BANKRUPTCY ⊜⟹293—PREFERENCES PROHIBITED BY STATE LAWS—JURISDICTION OF SUIT TO RECOVER PREFERENTIAL PAYMENTS.**

Under Bankr. Act July 1, 1898, c. 541, § 67e, 30 Stat. 564 (U. S. Comp. St. 1913, § 9651), providing that all conveyances or transfers of property by a debtor within four months prior to the filing of the petition and while insolvent, which are held null and void as against creditors by the laws of the state, shall be deemed null and void under that act if the debtor be adjudged a bankrupt, that the property shall pass to the assignee and be by him reclaimed for the benefit of creditors, and that for the purpose of such recovery courts of bankruptcy and the state courts shall have concurrent jurisdiction, a United States District Court had jurisdiction of a suit to recover payments by an insolvent corporation,

---

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which were preferential under Stock Corporation Law N. Y. § 66, though they did not constitute preferences within Bankr. Act, § 60b.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 411, 417; Dec. Dig. ☞293.]

In Equity. Suit by Wilbur B. Grandison, as trustee of the O. L. Gregory Vinegar Company, bankrupt, against Frederick Robertson and another. Decree for complainant as to the second cause of action.

Thomas C. Burke, of Buffalo, N. Y. (Henry W. Pottle, of Buffalo, N. Y., of counsel), for complainant.

Dirnberger & Augspurger, of Buffalo, N. Y., for defendants.

HAZEL, District Judge. The trustee in bankruptcy of the estate of the O. L. Gregory Vinegar Company has brought an action against the defendants, who are engaged in business at Tonawanda, N. Y., as private bankers, to recover alleged preferential payments made by the bankrupt contrary to an inhibition of the Bankruptcy Act and of section 66 of the Stock Corporation Law of this state. The first cause of action is concerned with the question of whether the defendants had reasonable cause to believe a preference was intended at the time the payments in controversy were made to them.

[1] The proofs show that at different times the defendants received payments aggregating $6,484.45 on promissory notes of the bankrupt of the value of $10,000 held by them, from accounts receivable theretofore assigned by the bankrupt to one Alexander to secure him on his indorsements of the notes, from proceeds of discounted notes, and from a certified check on the National Bank of Commerce of Rochester. All the payments in question were made between November 20, 1909, and March 19, 1910, but I think there can be no recovery in this case by the trustee under section 60b of the Bankruptcy Act, as the evidence does not show cause for inquiry by the transferees as to the insolvency of the transferror, or cause for belief that a preference was intended. It is true, as contended by the trustee, that the defendant had information to the effect that in the fall of 1909 the bankrupt was indebted to the National Bank of Commerce of Rochester, that the real estate of the bankrupt was heavily incumbered, and that discord existed between the president of the bankrupt company and one of the directors; but still I think there is an absence of elements upon which to predicate a conclusion that the defendants had reasonable cause to believe that at the time of partial payment of the notes a preference was intended. It is not claimed that defendants were to any extent familiar with the business affairs of the bankrupt. There were no prior transactions between them and the bankrupt as in the case of Grandison v. National Bank of Commerce of Rochester (decided this day) 220 Fed. 981, nor had there been any intimacy between the defendants and the officers of the bank, from which it might be inferred that the former had ascertained the financial condition of the latter.

The indisputable evidence shows that in October, 1908, the bankrupt wished to open an account at the private bank of the defendants, and that at the request of one Martin, a director of the bankrupt company

living at Tonawanda, and of one Gregory, who was then its president, the sum of $5,000 was advanced on the note of the company bearing an individual indorsement, and that later another $5,000 note, made by the Albion Fruit Products Company and indorsed by the bankrupt, was discounted. Subsequently, when these notes became due, defendants informed Mr. Alexander, who succeeded Gregory as president of the bankrupt, that the account was unsatisfactory, in that not as much business was done with them as had been agreed upon when the account was opened and the said notes discounted; that the bankrupt carried practically no balance, and therefore the notes would have to be paid or a better account kept. Promises to better conditions were made, but in the spring of 1909 the defendants again complained to Alexander that they were not receiving business enough from the bankrupt, and he then offered to indorse the renewal notes in place of Mr. Martin, which offer was accepted. Although payments on notes were subsequently made out of accounts receivable assigned to Alexander by the bankrupt, and collected by him and by the defendants, with whom such accounts were deposited for collection, there is no evidence upon which to found a belief that there existed an arrangement whereby Alexander should indorse the renewal notes and pay them out of the assigned accounts. On the contrary, Alexander in the fall of 1909 optimistically requested that the notes should be renewed by giving demand notes, as he said to defendants that he expected to take them up daily.

It is not shown that the defendants had any knowledge of the manner in which the notes of the Bank of Rochester were paid, but according to the evidence they presumed such payments had been made out of money realized from fire insurance at the time of the destruction of the Albion plant by fire. The account was never questioned by defendants in relation to the ability of the bankrupt to meet its obligations, nor were the details of the business discussed, nor was any statement of assets or liabilities received, from which the insolvency of the bankrupt might be inferred by them. The failure of the bankrupt to promptly pay the notes at maturity is not sufficient to charge the defendants with notice of the impending insolvency.

[2] The Bankruptcy Act does not take away from a banker the right to transact business with his customer in the ordinary way. He may take renewal notes in extension of credit and receive partial payment of his debt, and has the right during the continuance of their relations to presume that his debtor is solvent and carrying on business in the usual way; and if it turns out that the debtor was insolvent the creditor may receive payment without incurring the liability of having to restore such payment when bankruptcy intervenes. The Bankruptcy Act requires a restoration of preferential payments only when the creditor has reasonable cause to believe that a preference will result from such payments made within four months of the bankruptcy. Studley v. Boylston Nat. Bank, 229 U. S. 523, 33 Sup. Ct. 806, 57 L. Ed. 1313; Grant v. Nat. Bank, 97 U. S. 80, 24 L. Ed. 971; Paper v. Stern, 198 Fed. 642, 117 C. C. A. 346; In re Eggert, 4 Am. Bankr. Rep. 449, 102 Fed. 735, 43 C. C. A. 1. These authorities, I believe,

are controlling under the evidence of this case, and preclude recovery by the trustee under the provisions of section 60 of. the Bankruptcy Act.

[3, 4] A more serious question, however, is presented by the second cause of action set out in the bill, namely, the alleged right of the trustee, under section 66 of the Stock Corporation Law of this state, which includes a provision giving the right to proceed against creditors who have received transfers of property or preferential payments when the corporation was insolvent, to recover the payments made to the defendants herein. Under the state statute such transfers are voidable only when they are made with the intent to give a preference. When it is shown that they were so made, the person receiving the same by means of any prohibited act or deed "shall be bound to account therefor to its creditors or stockholders or their trustees." The contention, therefore, that the action should have been brought against Alexander, to whom the assignment of accounts was directly made, and not against defendants, is unsound. Alexander was the instrument through which the preferential payments were made, and the intention to prefer the defendants over the general creditors is clearly established, notwithstanding any denial of such an intention. The large payments to the National Bank of Commerce of Rochester, aggregating within a comparatively short period of time approximately $50,000, together with the payments made to these defendants at different times, while no payments were made to the general creditors whose debts, as allowed, aggregated $21,035.35, would seem to indicate a positive intention to make preferential payments, with a view, no doubt, to enabling Alexander to escape liability on his indorsement of the notes held by the defendants. Such acts by a corporation or its officers are condemned by section 66 of the Stock Corporation Law.

In Baker v. Emerson et al., 4 App. Div. 348, 38 N. Y. Supp. 576, is found a clear construction and interpretation of the statute under consideration, and at the end of the opinion it is stated that:

"The validity of the payment is not made to depend on whether it is made in the ordinary course of business, or on whether the creditor has any reasonable ground to believe the debtor insolvent, but simply on whether there is insolvency, actual or imminent, and an intent to prefer."

See, also, Cæsar v. Bernard, 156 App. Div. 724, 141 N. Y. Supp. 659, affirmed 209 N. Y. 570, 103 N. E. 1122, which is thought to practically overrule Swan v. Stiles, 94 App. Div. 117, 87 N. Y. Supp. 1089, to which defendants attach importance in support of their claim that recovery cannot be had herein, as it is not shown that the corporation refused to pay the notes. It was not necessary for recovery that the defendants should be stockholders in the insolvent corporation; if they as creditors received a preference, they may be proceeded against for recovery thereof. Montague v. Hotel Gotham, 208 N. Y. 442, 102 N. E. 513.

[5] Objection is made that this court is without jurisdiction to maintain the action without the consent of the defendants, but I think the objection is without merit. Section 67e of the Bankruptcy Act substantially authorizes voiding transfers of property made by a debtor while

insolvent within four months of filing the petition in bankruptcy "which are held null and void as against the creditors of such debtor by the laws of the state" in which such property is situate, and that courts of bankruptcy (Bankruptcy Act, § 1, subd. 8, which includes the District Court) and state courts shall have concurrent jurisdiction.    This action, it must be remembered, is not brought to set aside fraudulent transfers not creating a preference, nor fraudulent transfers not made within four months of the bankruptcy, which classes of actions are instituted under section 70e of the Bankruptcy Act.    Gregory v. Atkinson et al. (D. C.) 127 Fed. 183; Wood v. Wilbert, 226 U. S. 384, 33 Sup. Ct. 125, 57 L. Ed. 264; Wright v. Skinner Mfg. Co., 162 Fed. 315, 89 C. C. A. 23.

No other questions argued at the bar require special consideration. My conclusion is that, as to the cause of action alleged in the bill under section 60b of the Bankruptcy Act, the trustee cannot recover, but that as to the cause of action under section 66 of the Stock Corporation Law of New York the intent while insolvent to prefer the defendants has been fairly proven, and the complainant may therefore have a decree, with costs, directing the return to the trustee of the amount of such preference, with interest, subject, however, to the dividend to which the defendants will be entitled on distribution of the assets.