GOLDMAN v. COHEN (two cases).

(Circuit Court of Appeals, First Circuit. November 21, 1919.)

Nos. 1430, 1431.

BANKRUPTCY ⊜⟹165(1)—PAYMENT ON NOTE AS PREFERENCE TO ACCOMMODATION INDORSERS, ALTHOUGH NOT TECHNICALLY CREDITORS.

Under Bankruptcy Act, §§ 60a, 60b (Comp. St. § 9644), preferential payments on notes made by an insolvent debtor within four months prior to his bankruptcy *held* recoverable from accommodation indorsers of the notes, who were benefited thereby and who had knowledge of the maker's insolvency when the payments were made, and assented thereto; it not being essential to such right of recovery that the persons benefited be technically creditors.

Appeals from the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Suits by George I. Cohen, trustee in bankruptcy, against Lew Goldman and Myer Goldman. Decree for complainant, and defendants separately appeal. Affirmed.

See, also, 250 Fed. 599, 162 C. C. A. 615.

' Charles H. Dow, of Boston, Mass. (Samuel Sigilman, of Boston, Mass., on the brief), for appellants.

Joseph B. Jacobs, of Boston, Mass. (Jacobs & Jacobs, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. In the court below the plaintiff, trustee in bankruptcy, was allowed to recover from the defendants five payments made by the bankrupt, Sternburg, to the holders of five notes on which Sternburg was maker and the defendants accommodation indorsers. The notes were paid at maturity, and at the time of each payment Sternburg was insolvent. An involuntary petition in bankruptcy was filed against him December 9, 1916, and he was adjudicated a bankrupt June 9, 1917.

It was found that the defendants had such information concerning the affairs of the bankrupt as to furnish reasonable cause for them to believe that he was insolvent as early as November 2, 1916, and that the five payments here in question were made from November 4 to December 4 of that year, and were preferences. It was further found that the defendants knew that Sternburg intended to make the payments before they were made, and assented to his making them.

From a decree allowing the plaintiff to recover the payments thus made, the defendants appealed, and assigned three errors, only one of which is now relied upon, namely, that the findings of fact are insufficient to support the decree.

In support of this assignment of error, the defendants contend that they were not creditors, but accommodation indorsers, and to entitle the plaintiff to recover from them the payments made to the holders

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the notes it was necessary for the court below to have found, not only that the defendants knew Sternburg was insolvent, and knew of the intended payments and assented to them, but procured them to be made; that participation to the extent of knowing that Sternburg, while insolvent, intended to make the payments before they were made, and assented to them, was not enough. It is apparently conceded that, if the defendants, by reason of their being accommodation indorsers, were creditors of the bankrupt at the time of the payments, their knowledge that Sternberg, while insolvent, intended to make the payments and assented to them would render them voidable preferences and the defendants liable.

The plaintiff's right to recover is based upon section 60b of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 562, as amended June 25, 1910, c. 412, § 11, 32 Stat. 799 (Comp. St. § 9644), so much of which as is material to this case is as follows:

"If a bankrupt shall * * * have made a transfer of any of his property, and if, at the time of the transfer, * * * and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the * * * transfer then operate as a preference, and the person receiving it or to be benefited thereby, * * * shall then have reasonable cause to believe that the * * * transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person."

When the transfer of a debtor's property will constitute a preference is set forth in section 60d, so much of which as is material reads as follows:

"A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, * * * made a transfer of any of his property, and the effect of the enforcement of such * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

As the holders of the notes to whom the payments were made were creditors of the bankrupt and the payments will enable them to obtain a greater percentage of their debts than other creditors of the same class, there can be no doubt that the payments were preferences within the meaning of sections 60a and 60b.

It is urged that the payments are not voidable preferences as to the defendants, as they were not creditors; that the payments were not made to them, but to the holders of the notes; and that, not being creditors, they should not be charged the sums paid the holders, unless they procured the payments to be made in fraud of the act. But we do not regard it as necessary to the validity of the decree that the defendants should have been creditors. They were accommodation indorsers on the notes, and must have paid them, if Sternburg did not, and were the parties to be benefited by the payments, whether they were creditors or not. Being benefited by the payments, and knowing that they were to be made and would effect preferences, the payments became voidable preferences, recoverable of the defendants. This question was passed upon in Paper et al. v. Stern, 198 Fed. 642,

644, 117 C. C. A. 346, 348, where Judge Sanborn, speaking for the Court of Appeals in the Eighth Circuit, said:

"If Naftalin [the bankrupt] was insolvent at the time of the transfer here in issue, so that he could not pay his creditors in full, it is evident that the appellants, who were guarantors of the payment of his note to the bank, and who must have paid it, if he did not, were the parties to be benefited by this transaction, whether they were creditors or not; so that the objection here urged would not be fatal to the decree, if the appellants were not creditors."

As the payments were preferences within the meaning of the act, and the defendants were benefited thereby, their knowledge and assent to the payments, knowing they were preferences, renders them voidable, and recoverable from the defendants.

The decree of the District Court is affirmed; the appellee to recover his costs in this court.