## In re SCHLEICHER PRINTING CORPORA-TION.
### No. 122.

Circuit Court of Appeals, Second Circuit.
Jan. 9, 1933.

504

Krause, Hirsch & Levin, of New York City (Sydney Krause, of New York City, of counsel), for trustee.

Gould & Newman, of New York City, for claimant-appellant, Herman Diamond.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

As the bankrupt was insolvent when the transfer of the account was made to the bank and the claimant knew it, there is no doubt whatever that the claimant knew the transfer would effect a preference. Indeed, it is plain from his own testimony that this was exactly what he wanted. He asked Schleicher to take care of his guaranty so he would not "be left" on it. He knew the debts could not be paid in full, and wanted his liability reduced as much as possible. He was a creditor. Paper et al. v. Stern (C. C. A.) 198 F. 642. Compare Cohen v. Goldman (C. C. A.) 250 F. 599. This transfer of the account to the bank resulted in the collection of it and the application of $1,827.47 to extinguish pro tanto his liability on the note whose payment he had guaranteed. To that extent he was the person to be benefited by the transfer. Section 60b, 11 USCA § 96 (b), provides that, if "the person receiving it [the transfer] or to be benefited thereby" has reasonable cause to believe that it would effect a preference, it shall be voidable by the trustee. From the language used it is clear that the person receiving it need not be the one to be "benefited thereby" and equally clear, since the amendment of 1910, that, if the one to be benefited has reasonable cause to believe that a preference will be effected, the transfer is voidable. All that has been said is contingent, of course, upon the additional fact, which is undisputed in this case, that the transfer was made within the four-month period of the statute. It should be noticed that in Paper et al. v. Stern, supra, the transfer was held voidable even though the guarantor did not induce the payment of the debt. Probably this goes only to the means of proof of reasonable cause to believe that a preference would be effected, but, as the guarantor here did cause the transfer to be made and so must have known about it, we have no occasion to go farther than the present facts require.

Decree affirmed.