## IRVING TRUST CO. v. MANUFACTURERS' TRUST CO.

District Court, S. D. New York.

May 11, 1934.

Rumsey & Morgan, of New York City (Charles Dickerman Williams, of New York City, of counsel), for plaintiff.

Newman & Bisco, of New York City (Leonard G. Bisco and Lester A. Denonn, both of New York City, of counsel), for defendant.

COXE, District Judge.

This is a plain case of preferential transfer to the bank of a large portion of the liquid assets of the Bartels Company on the very eve of bankruptcy. The transfer to the bank was made on March 3, 1932, and on March 9, 1932, following, the Bartels Company, at the suggestion of the bank, made an assignment to the New York Credit Men's Association. The bankruptcy petition was filed April 29, 1932, and the adjudication took place within a few days thereafter.

On the question of insolvency, there was conflicting testimony, but I am satisfied that on March 3, 1932, when the assignment of the accounts was made to the bank, the liabilities exceeded the assets by at least $20,000.

The only remaining question is whether the bank had reasonable cause to believe that a preference would be effected; and, on that issue, the test is not what the bank actually knew, but whether it was put on inquiry, and, if so, what a reasonable investigation would have disclosed. Pender v. Chatham Phenix Nat. Bank & Trust Co. (C. C. A.) 58 F.(2d) 968, 970; Brown Shoe Co. v. Carns (C. C. A.) 65 F.(2d) 294, 297; Irving Trust Co. v. Commercial Factors Corp. (C. C. A.) 68 F.(2d) 864, 867.

In the summer of 1931, the bank became dissatisfied with the way the Bartels Company was handling credits; and on its insistence, and with its recommendation, Kraft was employed to look after that part of the business. Concededly, the 1931 Christmas season was disappointing, and collections on the outstanding accounts were highly unsatisfactory.

There were also pressing payments to meet monthly on the Rogers indebtedness, and the rent of the New Jersey property was in default. All of these facts were known to the bank, and any additional facts might have been obtained from Kraft.

On March 3, 1932, when the assignment to the bank was executed, the bank's notes were not actually due, and the balance in the deposit account had almost reached the vanishing point. What the bank did was to take the notes maturing in March, 1932, and lump them all into a note for $9,000, payable in one month, and then obtain from the Bartels Company an assignment of all of the best accounts receivable, aggregating approximately $15,000, as security for the note. Moreover, the new note contained a provision that the security might also be held against the other indebtedness to the bank; and by means of the transfer the Bartels Company effectually disposed of the major part of its current assets to secure its largest creditor in preference to the other creditors. The transaction was both abnormal and unusual; and manifestly on such a state of facts it can hardly be seriously contended that there was not reasonable cause to believe that a preference would be effected.

It is insisted, however, that the bank merely intended the assignment as security for letters of credit to be issued during the ensuing three or four weeks in anticipation of the approaching Easter season. But the transaction did not take that form, and its entire effect was merely to obtain security for the old indebtedness. Furthermore, no subsequent letters of credit were issued, and, except for a small pay roll advance made on March 5th, the line of credit was in every real sense terminated.

On the entire case, I am satisfied that the plaintiff is entitled to recover the amounts collected on the accounts receivable transferred March 3, 1932, except the pay roll advance of March 5, 1932; and the plaintiff may have judgment accordingly, with interest and costs.