## IRVING TRUST CO. v. CONTINENTAL BANK & TRUST CO. et al.

District Court, S. D. New York.

Feb. 20, 1935.

236

Morris L. Levine, of New York City, for plaintiff.

Wise, Shepard & Houghton, of New York City (John W. Kelly, of New York City, of counsel), for defendant Continental Bank & Trust Co. of New York.

Archibald Palmer, of New York City (Chauncey H. Levy, of New York City, of counsel), for defendant David Minchenberg.

COXE, District Judge.

This is a suit by a bankruptcy trustee to recover an alleged preferential transfer of $2,000 made to the defendant bank on May 11, 1932, in payment of notes of the bankrupt, indorsed by the defendants Jack and David Minchenberg, falling due on that day. It is the contention of the plaintiff that the transfer was preferential under section 60b of the Bankruptcy Act, as amended (11 U.S.C.A. § 96 (b), and section 15 of the New York Stock Corporation Law (Consol.Laws, c. 59).

The bankrupt and another closely affiliated corporation, known as East Side Music Company, Inc., were in the business of selling radios at retail in New York City. The two companies had separate stores, and kept separate books and bank accounts; they were, however, completely dominated by the defendant Jack Minchenberg, the sole stockholder, and were operated largely as one business. The merchandise purchases for both companies were made principally in the name of the bankrupt, and, when for the account of the music company, were carried on the bankrupt's books as credits from that company.

The business of the two companies in the early part of 1932 was inconsiderable; and on March 11, 1932,. a fire occurred in one of the stores of the music company, which practically destroyed its entire stock of merchandise, costing about $9,000. At that time, the music company owed the bankrupt $4,667.50; and the bankrupt's only other assets consisted of cash and inventory amounting to $1,064.-08, or a total of $5,731.58; against which there were minimum liabilities of $9,337.-53. It seems clear, therefore, that the bankrupt was insolvent, at least as early as March 11, 1932; and this condition grew progressively worse during the succeeding weeks prior to the filing of the petition on May 18, 1932.

The bankrupt had been a depositor in the defendant bank, or its predecessor, for at least four years before bankruptcy, and during this period the bank had at various times loaned the bankrupt small sums of money on the bankrupt's notes, bearing the indorsements of the defendants Jack and David Minchenberg. It was testified for the bank that the bankrupt itself did not have sufficient credit standing to justify those loans, but that they were made solely on the strength of the indorsement of the defendant David Minchenberg, who was known to the bank as a person of considerable means.

The notes forming the basis of the present suit had their inception in a loan of $2,000 made to the bankrupt on September 18, 1931. This loan was evidenced by two notes for $1,000 each, maturing respectively December 11, 1931, and January 11, 1932. The note falling due on December 11, 1931, was paid at maturity; but on December 15, 1931, a further loan of $1,000 was made on a note of the bankrupt, bearing the same indorsements as the previous note, and maturing on April 11, 1932. The note of $1,000 falling due on January 11, 1932, was renewed un-

til April 11, 1932. On this last-mentioned date, therefore, the entire indebtedness to the bank of $2,000 was due and payable.

Prior to the making of the original loan in September, 1931, the bank had obtained a financial statement from the bankrupt showing assets of $23,660.24 and liabilities of $6,489.85, but the bank placed no reliance on this statement; and there were no further financial statements from the bankrupt when the renewals were subsequently granted. Moreover, the average balances in the bankrupt's deposit account were never sufficient to sustain the loans, and by April, 1932, these balances had almost reached the vanishing point. The bank had full knowledge also of the music company fire and its damaging effect on the business of the bankrupt.

On April 11, 1932, when the two notes fell due, the defendant Jack Minchenberg was seriously ill in the hospital, and the business was practically at a standstill. There were no funds with which to pay off the loan, and the insurance moneys from the music company fire were unavailable, and required time to collect; the two notes were accordingly renewed until May 11, 1932, on instructions from the bank that they would have to be paid at maturity.

The insurance payments amounted in the aggregate to $2,580.29, but of this amount $303.56 had been assigned, so that the actual amount received was only $2,276.73. This amount was represented by two checks for $758.91 and $1,517.82, which were deposited in the music company's account on May 4 and May 5, 1932, respectively; and on May 9, 1932, the music company transferred $2,100 from this fund to the bankrupt's account in the bank. On May 11, 1932, when the two notes fell due, they were charged to the bankrupt's account, and the notes marked paid. The balance in the bankrupt's account before the transfer on May 9, 1932, was $2.91; and, after the notes had been paid, the balance stood at the same figure.

On May 16, 1932, the bankrupt, as well as the music company, assigned for the benefit of creditors, and on May 18, 1932, both companies filed voluntary bankruptcy petitions.

■ The defendant bank insists that the deposit in the bankrupt's account on May 9, 1932, was made in regular course, and that a right of set-off existed against the notes, citing New York County Nat. Bank v. Massey, 192 U.S. 138, 24 S.Ct. 199, 48 L.Ed. 380, and Continental & Commercial Trust & Sav. Bank v. Chicago Title & Trust Co., 229 U.S. 435, 33 S.Ct. 829, 57 L.Ed. 1268. But these cases have no application where the deposit is made for the very purpose of giving the bank a preference. Kolkman v. Manufacturers' Trust Co. (C.C.A.) 27 F.(2d) 659. And if the bank had reasonable cause to believe that the payment would effect a preference, there may be a recovery. Irving Trust Co. v. Manufacturers' Trust Co. (D.C.) 8 F.Supp. 527; Irving Trust Co. v. Bank of Manhattan Trust Co. (D.C.) 8 F.Supp. 686; Pender v. Chatham Phenix Nat. Bank & Trust Co. (C.C.A.) 58 F.(2d) 968.

■ In the present case, the bankrupt was hopelessly insolvent in May, 1932, and its only chance to obtain funds to meet its obligations was from the insurance moneys resulting from the music company fire. The bank had knowledge of the seriousness of the fire, and that the bankrupt was in financial difficulties; and when the music company transferred $2,100 of the insurance moneys to the bankrupt's account on May 9, 1932, the bank knew the source of the money, and that it represented the only substantial asset that the bankrupt possessed. It is of no consequence that the money remained on deposit with the bank until May 11, 1932, when the notes matured, for the deposit was made to meet the notes falling due on May 11, 1932, and was, I think, so understood by the bank. In any event, there was enough to put the bank on inquiry, and any reasonable investigation would have disclosed the true condition of the bankrupt and the preferential nature of the payment. Irving Trust Co. v. Manufacturers' Trust Co., supra; Irving Trust Co. v. Bank of Manhattan Trust Co., supra; Pender v. Chatham Phenix Nat. Bank & Trust Co., supra. I am satisfied, therefore, that the plaintiff is entitled to recover against the bank.

■ The defendants Jack and David Minchenberg were indorsers on the notes held by the bank. Jack Minchenberg had intimate contact with the affairs of the company, and knew the preferential character of the payment to the bank; the case as against him is, therefore, fully

made out. In re Schleicher Printing Corporation (C.C.A.) 62 F.(2d) 503; Irving Trust Co. v. Bank of Manhattan Trust Co., supra. With respect to the defendant David Minchenberg, however, the record is barren of proof that he had any part in the business, or knew anything about the condition of the company. He had nothing to do with the payment to the bank, and is not liable in the present suit.

There may be a decree against the defendants Continental Bank & Trust Company and Jack Minchenberg for $2,000, with interest from May 11, 1932; and in favor of the defendant David Minchenberg dismissing the complaint; all with costs in favor of the successful parties.