STUCKY, Assignee of MELTER in Bankruptcy *v.* MASONIC SAVINGS BANK and Another.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KENTUCKY.

Decided March 5th, 1883.

*Bankruptcy—Fraudulent Preference.*

A creditor, dealing with a debtor whom he may suspect to be in failing circumstances, but of which he has no sufficient evidence, may receive payment or take security without necessarily violating the bankrupt law. When such creditor is unwilling to trust a debtor further, or feels anxious about his claim, the obtaining additional security, or the receiving payment of the debt is not prohibited, if the belief which the act requires is wanting. *Grant* v. *National Bank*, 97 U. S. 80, approved and followed.

*Mr. David W. Armstrong* and *Mr. L. N. Dembitz*, for the appellants.

*Mr. J. P. Helm* and *Mr. W. O. Dodd*, for the appellees.

Mr. Justice Miller delivered the opinion of the court.

This suit originated in a bill in equity brought in the district court by Stucky, as assignee of Melter, a bankrupt, against the bank and against Jacob Krieger, Sr., for the purpose of having two mortgages made by the bankrupt declared void, and the real estate covered by them sold free of the lien of those mortgages. The ground of this relief is the allegation that the mortgages were made by Melter when insolvent, and were preferences in contemplation of bankruptcy, void by the bankrupt law, and that, by virtue of the bankrupt proceedings commenced within two months after they were made, they are void.

The case was decided in favor of the assignee in the district court, but on appeal the circuit court reversed this decree and dismissed the bill.

It is shown that both mortgages were taken to secure renewal notes for pre-existing debts, one note and mortgage being made to the bank directly, and the other to Mr. Krieger, who was president of the bank, the note being indorsed by him to the bank. They were for $6,000 each.

The whole matter turns upon the question whether Krieger, who acted almost alone for the bank, had reasonable ground to believe that Melter was insolvent at the time the mortgages were made.

The district judge, who decided that he had such reasonable ground, does not seem to have given due weight to the principles of the case of *Grant* v. *The National Bank*, decided by this court, and reported in 97 U. S. 80, a case which was fully considered, and which has since been followed by us as a leading one on the subject.

That case establishes the doctrine that a creditor dealing with a debtor whom he may suspect to be in failing circumstances, but of which he has no sufficient evidence, may receive payment or security without violating the bankrupt law. He may be unwilling to trust him further; he may feel anxious about his claim and have a strong desire to secure it, yet such belief as the act requires may be wanting. Obtaining additional security or receiving payment of a debt under such circumstances is not prohibited by law.

In the case before us the testimony of Krieger himself, as the one who best knows the strength of the suspicion, if any, on which he acted, and what evidence was before him, must chiefly control.

We have examined his deposition very carefully. We think it bears the impress of candor, and it negatives the idea that he had reasonable ground to believe Melter insolvent, or that he actually did believe it.

The evidence, outside of this, as to the various estimates of the value of Melter's property and the amount of his debts, while it shows that Melter was probably insolvent, does not show that this was known to Melter himself or to Kreiger, or that the latter had reasonable grounds to believe him so.

It would serve no useful purpose to give in this opinion a full examination of all the evidence. It is sufficient to say that in looking it all over we concur with the circuit judge, and his decree dismissing the bill is

*Affirmed.*