### SIRRINE, TRUSTEE, v. STOVER-MARSHALL CO.

BANKRUPTCY—INSOLVENCY—PREFERENCES.—The four elements that constitute an illegal preference, under the bankrupt act of 1898, are: 1. The transfer must be made from an insolvent person to a creditor. 2. The effect of such transfer must be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. 3. The person receiving it or to be benefited thereby, or his agent acting therein, must have had reasonable cause to believe that it was intended thereby to give a preference. 4. The transfer must have been made within four months before filing a petition in bankruptcy, or after filing the petition and before the adjudication. The evidence here establishes the first, second and fourth, but not the third, and payment held not a preference.

Before TOWNSEND, J., Greenville, December, 1901. Affirmed.

Action by Wm. G. Sirrine, as trustee of the estate of W.

E. Nesbitt & Co., bankrupts, against Stover-Marshall Co. and Geo. D. Witt Shoe Company. From Circuit decree, the plaintiff appeals.

*Messrs. Haynesworth, Parker & Patterson,* for appellants, cite: 128 Cal., 562; 97 U. S., 80; 108 U. S., 74; 13 Wall., 40; 16 Wall., 277; 16 Wall., 584; 94 U. S., 553; 95 U. S., 343; 39 C. C. A., 368; Bankrupt Act, 1898.

*Messrs. Carey & McCullough,* contra, cite: Bankrupt Act 1898; 102 Fed. R., 295; Loveland on Bankt., 464, 468; 13 Wall., 40; 16 Wall., 384; 17 Wall., 483; 15 Wall., 410; 91 U. S., 114; 97 U. S., 81; 98 Fed. R., 843; 182 U. S., 447; 62 S. C., 361.

August 16, 1902. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an action by the plaintiff, as trustee in bankruptcy of W. F. Nesbitt & Co., to recover certain payments made by the bankrupts to the defendants within four months before adjudication of bankruptcy, on the ground that said payments were illegal and preferences under the United States bankrupt act of 1898. The master sustained the plaintiff's contention, but the Circuit Court reversed the master and dismissed the complaint. The Circuit decree—which cites Loveland on Law and Proceedings of Bankruptcy, sec. 194, *in re Eggert,* 98 Fed., 843, S. C.; 102 Fed. Rep., 735; *Grant* v. *National Bank,* 97 U. S., 80; *Stuckey* v. *Masonic Savings Bank,* 108 U. S., 74—correctly states the four elements that constitute an illegal preference under the bankrupt act of 1898, as follows: "First. The transfer must be made from an insolvent person to a creditor. Second. The effect of such transfer must be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Third. The person receiving it or to be benefited thereby, or his agent acting therein, must have had reasonable cause

to believe that it was intended thereby to give a preference. Fourth. The transfer must have been made within four months before the filing of a petition in bankruptcy, or after filing the petition and before the adjudication." While we think the testimony sufficient to establish the first, second and fourth conditions above named, we do not think the preponderance of the evidence is against the conclusion of the Circuit Court, that the third condition was not shown to exist. Under the bankrupt act of 1867, a transfer was invalidated if the creditor had reasonable cause to believe the debtor insolvent; while under the bankrupt act of 1898, a transfer is invalidated if the creditor has "reasonable cause to believe it was intended as a preference." Under the act of 1867, insolvency existed when the debtor was unable to pay his debts as they became due in the ordinary course of his daily transactions; while under the act of 1898, insolvency exists when the debtor's whole property at a fair valuation is insufficient in amount to pay his debts. The rule established by the decisions of the United States Supreme Court as to the meaning of the words "reasonable cause to believe, &c.," under the act of 1897, is applicable in determining the meaning of the words "reasonable cause to believe it was intended as a preference," under the act of 1898, since a reasonable cause to believe a "preference" was intended by the debtor, involves a reasonable cause to believe the debtor to be insolvent, as a "preference" depends upon insolvency. The rule is thus stated in *Grant* v. *Bank,* 97 U. S., 80, 24 L. ed., 972: "It is not enough that a creditor has some cause to suspect the insolvency of his debtor, but he must have such a knowledge of facts as to induce a reasonable belief of his debtor's insolvency, in order to invalidate a security taken for his debt. * * * He must have a knowledge of some fact or facts calculated to produce such a belief in the mind of an ordinarily intelligent man." To the same effect are the cases of *Barbour* v. *Priest,* 103 U. S., 293; *Stuckey* v. *Bank,* 108 U. S., 74; *Toof* v. *Martin,* 13 Wall., 40; *Hall* v. *Wagner,* 16 Wallace, 584; *Buchanan* v.

*Smith,* 16 Wallace, 277; *Dutcher* v. *Wright,* 94 U. S., 553; *Bank* v. *Cook,* 95 U. S., 343. In the recent case of *in re Eggert,* 102 Fed. Rep., 735, C. C. A., the foregoing cases were considered, and the rule applicable under the act of 1898 is shown to be as follows: "In determining whether the taking of a security by a creditor constitutes an illegal preference under bankrupt act of 1898, sec. 60b, the creditor is not to be charged with knowledge of his debtor's financial condition from mere non-payment of his debt, or from circumstances which give rise to mere suspicion in his mind of possible insolvency. On the other hand, it is not essential that the creditor should have actual knowledge of, or belief in, his debtor's insolvency, but it is sufficient if he has reasonable cause to believe him insolvent. If facts and circumstances with respect to the debtor's financial condition are brought home to him, such as would put an ordinarily prudent man upon inquiry, the creditor is chargeable with knowledge of the facts which such inquiry should reasonably be expected to disclose."

It would not subserve any useful purpose to discuss the testimony in detail, but considering it in the light of the principles stated, we agree with the Circuit Court that plaintiff failed to show that the defendants at the time of said payments had reasonable cause to believe that said payments were intended as a preference, for it was not shown that the defendants or their agents had reasonable cause to believe that the assets of W. E. Nesbitt & Co. were insufficient to pay their indebtedness. The evidence shows that plaintiff, who was then acting as attorney for W. E. Nesbitt & Co., and who made said payments from the proceeds of the policy of fire insurance collected by him upon the order of W. E. Nesbitt & Co., believed at the time that W. E. Nesbitt & Co. were solvent, and so informed the agents of defendants. Mr. Stover, the agent for the Stover-Marshall Co., and Mr. McCollough, the attorney for the Geo. D. Witt Shoe Co., both testified that they had no reason at that time to believe that W. E. Nesbitt & Co. were insolvent, and no

knowledge of any fact was brought home to them that should have put an ordinarily prudent man upon inquiry beyond such as they made of the plaintiff.

The judgment of the Circuit Court is affirmed.