## Felix A. Blankenbaker, Trustee, v. Charleston State Bank.

1. PREFERENCE—*when a, is voidable by a trustee.*   A creditor whom it is claimed has received a preference in violation of the Bankruptcy Act of 1898, is bound only by the information which he had at the time he received payment, and is not obliged to trace to its ultimate source any information of a suspicious nature which may at such time have come to his knowledge, in order to ascertain whether the payment being made to him is voidable under the law.   Unless a creditor has such knowledge of facts as to induce a reasonable belief of his debtor's insolvency, the payment cannot be voided by a trustee subsequently appointed for the debtor.

Action of assumpsit by a trustee in bankruptcy to recover money alleged to have been paid by his bankrupt within four months prior to the adjudication.   Error to the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge, presiding.   Heard in this court at the May term, 1903.   Affirmed.   Opinion filed October 12, 1903.

A. C. ANDERSON and NEAL & MITCHELL, for plaintiff in error.

J. H. MARSHALL and JAMES A. CONNOLLY, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

Plaintiff in error brought his action in assumpsit against defendant in error to recover a sum of money paid to defendant in error by one Fred Edman, an involuntary bankrupt, within four months prior to his adjudication as such bankrupt, defendant in error being charged with having reasonable cause to believe that such payment was intended as a preference to it.   Jury was waived and there was a trial by the court, resulting in a finding and judgment against plaintiff in error.

It is urged for error that the court improperly refused propositions of law asked by plaintiff in error; improperly held propositions of law asked by defendant in error, and that the finding of the court is against the weight of the evidence.

Fred Edman was adjudged a bankrupt April 1, 1902. On January 15, preceding, he was indebted to defendant in error, in about the sum of $2,900, evidenced by an unsecured note of $2,000, an overdraft for $314.04, and a secured note for $500. How long this indebtedness to defendant in error had existed, does not fully appear, but it is apparent that the greater part of it had been standing for some months, and that at that time Edman was insolvent. Wheatley, the cashier of defendant in error, had been questioned by one or two parties relative to Edman's solvency and as to whether he would purchase any of his paper; he replied that he considered the bank safe but did not want to buy any of his paper. It does not appear that Wheatley knew Edman's financial condition in detail, but the evidence tends to show that subsequent to inquiries made by other parties, he deemed it advisable to ask Edman to pay the indebtedness. Edman said he would have to sell his stores to make the payment, and forthwith closed a bargain which had been pending, for a sale of his stores at $2,400, the proceeds of which he paid to the bank on his indebtedness. The Bankrupt Act of 1898 provides: "If a bankrupt shall have given a preference within four months before filing a petition, or after the filing of a petition, and before the adjudication, and the person receiving it, or to be benefitted thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person." The question presented in this case is, whether the evidence shows that the receipt by the bank of the indebtedness due it from Edman, was a preference within the inhibition of this act. Plaintiff in error contends that such preference is void if the facts and circumstances within the knowledge of the creditor are sufficient to put him upon inquiry to ascertain whether payment to him is, in fact, a preference. We do not so construe the act. The creditor is bound only by the information he has at the time he receives payment and is not obliged to trace to the ultimate any suspicious circum-

stances that may exist within his knowledge, to ascertain whether such payment would be void within the law. Neither is it enough that a creditor has some cause to suspect that payment to him was intended as a preference. The prior Bankrupt Act of 1867 provided that the creditor must have "reasonable cause to believe" that the debtor was insolvent, when preference was made, before payment to him could be avoided.   Preference involves insolvency, so that the language of the two acts is substantially similar. In construing the act of 1867, in Grant v. National Bank, 97 U. S. 80, the court says:

" Some confusion exists in the cases as to the meaning of the phrase, ' having reasonable cause to believe such a person is insolvent.'   Dicta are not wanting which assume it has the meaning as if it had read, ' having reasonable cause to suspect such a person is insolvent.'   But the two phrases are distinct in meaning and effect.   It is not enough that a creditor has some cause to suspect the insolvency of his debtor, but he must have such a knowledge of facts as to induce a reasonable belief of his debtor's insolvency, in order to invalidate a security taken for his debt.   To make mere suspicion a ground of nullity in such a case would render the business transactions of the community altogether too insecure.   It was never the intention of the framers of the act to establish any such rule.   A man may have many grounds of suspicion that his debtor is in failing circumstances and yet have no cause for a well grounded belief of the fact.   He may be unwilling to trust him further; he may feel anxious about his claim, and have a strong desire to secure it, and yet, such belief as the act requires may be wanting.   Obtaining additional security or receiving payment of a debt under such circumstances is not prohibited by the law.   Hundreds of men constantly continue to make payments up to the very eve of their failure, which it would be very unjust and disastrous to set aside; and yet this could be done in a large proportion of cases, if mere grounds of suspicion of their solvency were sufficient for the purpose."

This opinion is cited with approval in Barbour v. Priest, 103 U. S. 293, and Stucky v. Bank, 108 U. S. 74.

There are facts and circumstances in this case that tend to show a suspicion on the part of defendant in error that

Edman was insolvent and that the payment by him was intended as a preference, but we are not prepared to say they amounted to a " reasonable cause to believe " that such was the case, and are content to accept the conclusion of the trial court on that question.

The propositions of law submitted by plaintiff in error and refused by the court embodied the construction of the law as contended for by him, above referred to, and we think were properly refused, and the propositions of law held by the court were in substantial conformity with the views here expressed.

The judgment will be affirmed.

*Affirmed.*