HAMILTON NAT. BANK OF CHICAGO v. BALCOMB.

(Circuit Court of Appeals, Seventh Circuit. January 19, 1910.)

No. 1,585.

1. BANKRUPTCY (§ 303*)—PREFERENCES—ACTION TO AVOID—KNOWLEDGE AND INTENT OF PARTIES—EVIDENCE—SUFFICIENCY.

In an action by a trustee in bankruptcy to recover a preference under Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 (U. S. Comp. St. Supp. 1909, p. 1314), as having been received by defendant with "reasonable cause to believe that it was intended thereby to give a preference," the test of the sufficiency of the evidence to warrant the submis-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sion of such question to the jury does not rest on the assertions by either party of his intent or belief, but on inferences which may fairly arise from the facts in evidence.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 462; Dec. Dig. § 303.*]

**2. BANKRUPTCY (§ 303*)—PREFERENCES—ACTION TO AVOID—KNOWLEDGE AND INTENT OF PARTIES—EVIDENCE—SUFFICIENCY.**

Evidence considered, and *held* insufficient to sustain a verdict finding that a payment made by a bankrupt to a creditor was received with reasonable cause to believe that a preference was intended.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 462; Dec. Dig. § 303.*]

In Error to the District Court of the United States for the Northern District of Illinois.

Action by F. W. Balcomb, trustee in bankruptcy of the Lawrence Manufacturing Company, against the Hamilton National Bank of Chicago. Judgment for plaintiff, and defendant brings error. Reversed.

The defendant in error, as trustee in bankruptcy of the Lawrence Manufacturing Company, bankrupt, sued the Hamilton National Bank of Chicago, plaintiff in error, to recover $1,000 alleged as a preferential payment, received from the bankrupt, in violation of section 60, cls. "a" and "b," of the bankruptcy act. Under issues joined, a jury trial resulted in a verdict against the plaintiff in error, and this writ of error is brought for reversal of the judgment thereupon. The sufficiency of evidence to raise an issue for submission to the jury, raised by appropriate motions, is the only question presented; and the facts bearing thereon are stated in the opinion.

Chester E. Cleveland, for plaintiff in error.

F. W. Balcomb, pro se.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge. The judgment in this case, upon verdict of a jury, awards recovery in favor of the trustee in bankruptcy and against the bank, plaintiff in error, for $1,000, which was received by the bank, in payment of a note made by the bankrupt, Lawrence Manufacturing Company. As the note was paid February 10, 1906, and the petition for adjudication of bankruptcy was filed June 9, 1906, payment was made and received within the four-months period fixed by section 60a of the bankruptcy act, for preferences therein defined. The contentions for reversal are that the proof fails to show either (1) that a preference was intended by the bankrupt, or (2) that the bank had reasonable cause to believe that the payment was so intended, and that the bank was entitled to direction of a verdict, as requested of the trial court. In the testimony no disputes of fact appear, there is no direct testimony as to the intention of the bankrupt, and the officer of the bank, by whom all of the transactions were conducted, testifies that he had neither information nor suspicion that the debtor was insolvent or "in financial trouble." The test of sufficiency, however, for submission to the jury, does not rest on assertions by either party of his intent or belief in the transaction, but on inferences thereof which may fairly arise from the facts in evidence. So if the facts are sufficient to raise

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a reasonable inference against the bank upon both of these issues, the judgment cannot be disturbed.

While the testimony introduced to show insolvency of the debtor corporation does not satisfactorily prove either the fair value of its property at the date of the transactions, the actual amount of its indebtedness, or the circumstances which caused the sudden sale of its property and business, we believe the circumstances in evidence authorize the inference of intent to give a preference, in payment of the note held by the bank, even under the more stringent rule of proof for which plaintiff in error contends, so that discussion of the various rules mentioned is unnecessary. For consideration of the issue of reasonable cause on the part of the bank to believe a preference was intended, we summarize the pertinent facts (referring to the bankrupt as Lawrence Company) as follows:

All transactions between the parties occurred in January and February, 1906. On January 11, 1906, the bank made a loan of $5,000 to the Lawrence Company on a judgment note payable in 90 days. Application for the loan was made by Hillmer, vice president of the Lawrence Company, to Pike, president of the bank, upon written statement of financial standing, in substance: Of assets of the Lawrence Company aggregating $37,375, mainly in a manufacturing plant, finished goods, material, and accounts receivable; total liabilities, $12,279; capital, $12,000; insurance on property, $15,000: sales, $4,500 monthly; established 1882; capital authorized, $25,000; cash paid in, $12,000. Subsequently Pike was informed by an attorney that he believed the officer who signed the note as president was not entitled to that office, and that the Lawrence Company was a borrower at two other banks, naming Oak Park Trust as one of them. Pike made inquiry at that bank, ascertaining that the Lawrence Company was indebted there, contrary to their statement, and proceeded forthwith to have judgment entered upon the note, January 29th. Execution issued, levy was threatened January 30th, and the amount was paid up by the Lawrence Company January 31st.

On February 1st, Hillmer called upon Pike for explanation of this action, and was informed of their discovery of indebtedness to the Oak Park Trust, showing the financial statement to be incorrect. Hillmer stated that such indebtedness had not been mentioned in the statement, "because he was personally indorsing and had put up bank stock as collateral security for that indebtedness." He also said "that the statement was correct otherwise." Pike expressed regret that judgment had been entered without making inquiry direct, which would have prevented such action. Hillmer then stated that they were "short of a pay roll," that they "intended to continue the business and would make a desirable customer of the bank," that he wanted $1,000 for 10 days, and would "indorse the paper or sign jointly with the company." He also stated: "They were going to reorganize the business and go ahead with it," and that "he was going to take over the business," and that he owned stock in the Oak Park bank. Thereupon Pike directed the advance to be made, and the note in controversy was given,

dated February 1st, payable in 10 days, signed jointly by the Lawrence Company and Hillmer.

This note was repaid to the bank,. by Hillmer, in currency, on February 10th, seemingly as a matter of course, with no remarks by either party. While the trustee testifies that the property of the Lawrence Company was sold on that day to other parties, and that the payment to the bank was made out of the purchase money, it does not appear that either of these circumstances was either stated to Pike, or likely to be known or suspected by him or the bank.

For recovery of the amount so received, as an unlawful preference, section 60b requires proof that the creditor "had reasonable cause to believe that it was intended thereby to give a preference," and the facts recited furnish no ground, as we believe, for such cause to be fairly inferred, within the well-settled meaning of the statutory requirement. Grant v. National Bank, 97 U. S. 80, 81, 24 L. Ed. 971; Stucky v. Bank, 108 U. S. 74, 75, 2 Sup. Ct. 219, 27 L. Ed. 640; In re Eggert, 102 Fed. 735, 741, 43 C. C. A. 1.

Judge Jenkins, speaking for this court (In re Eggert, supra), thus states the rule:

"The resultant of all these decisions we take to be this: That the creditor is not to be charged with knowledge of his debtor's financial condition from mere nonpayment of his debt, or from circumstances which give rise to mere suspicion in his mind of possible insolvency; that it is not essential that the creditor should have actual knowledge of, or belief in, his debtor's insolvency, but that he should have reasonable cause to believe his debtor to be insolvent; that if facts and circumstances with respect to the debtor's financial condition are brought home to him, such as would put an ordinarily prudent man upon inquiry, the creditor is chargeable with knowledge of the facts which such inquiry should reasonably be expected to disclose."

The sum in question ($1,000) was requested as a temporary loan to meet the pay roll—not an uncommon need of a manufacturer—and its repayment in nine days, instead of ten, with no new condition brought to attention, surely gave no intimation of financial difficulty, much less of insolvency. The fact of making the advance is cogent evidence that no thought of impending bankruptcy was then in the mind of the banker, that Hillmer's explanations had satisfied him of injustice in enforcing payment of the prior loan, and that both prompt payment and representations then made were accepted as assurance of solvency of the company, and of a prospective customer for the bank, if the advance was made. Indeed, not a word of testimony is indicative of a cause for suspicion that the business of this company, of 20 years' standing, was either insolvent or to be given up; and want of harmony in the management, not want of means, was the only matter mentioned as cause for "reorganization."

We are of opinion, therefore, that the finding against the plaintiff in error is without support in the evidence, and must have arisen from misunderstanding of the rule of law applicable to the issue.

The judgment is reversed accordingly, and the cause remanded for a new trial.