BROWN v. FIRST STATE BANK OF WEIMAR et al. (No. 7471.)

(Court of Civil Appeals of Texas. Galveston. Dec. 14, 1917. Rehearing Denied Jan. 3, 1918.)

1. BANKRUPTCY ⊜⇒303(1)—SUIT TO AVOID A PREFERENCE — BURDEN OF PROOF — BANKRUPTCY ACT.

Under Bankruptcy Act July 1, 1898, c. 541, §§ 60a and 60b, 30 Stat. 562, as amended by Act June 25, 1910, c. 412, § 11, 36 Stat. 842 (U. S. Comp. St. 1916, § 9644), a trustee in bankruptcy suing to set aside and declare void certain deeds of trust given by the bankrupt, and a cash payment to a creditor as being a preference, must not only prove all the facts admitted in an agreed stipulation of the parties, but must affirmatively show that defendants had reasonable cause to believe that the deeds of trust and the payment would effect a preference as against other creditors.

2. APPEAL AND ERROR ⊜⇒994(3)—CREDIBILITY OF WITNESSES—REVIEW.

It is not within the province of the Court of Civil Appeals to determine which of the witnesses were to be believed; that being a matter within the exclusive cognizance of the trial court.

3. APPEAL AND ERROR ⊜⇒931(3) — PRESUMPTION—FINDINGS TO SUPPORT JUDGMENT.

Where the trial court rendered a general judgment in favor of defendants, an essential element of which was that no preference in their favor within the bankruptcy act had been shown, the Court of Civil Appeals, in the absence of a specific fact finding, must presume that the trial court found every fact necessary to support its judgment, including a finding that the evidence failed to show reasonable cause for belief on defendants' part that a preference would be effected.

Appeal from District Court, Fayette County; Frank S. Roberts, Judge.

Action by L. D. Brown, trustee in bankruptcy of the estate of Staches Vacek, a bankrupt, against the First State Bank of Weimar, Tex., and the Schuhmacher Company. Judgment for defendants, and plaintiff appeals. Affirmed.

C. D. Krause, of La Grange, for appellant. Lane, Wolters & Storey, of Houston, for appellees.

GRAVES, J. This is purely a fact case. The only issue in the trial court was: Did appellees, or either of them, have reasonable cause to believe that the enforcement of the deeds of trust and the payment of the $1,119.78 in cash to the appellees Schuhmacher Company would effect a preference to them over other creditors of Vacek? That court, by its general judgment in appellees' favor, having necessarily found that the evidence failed to show that they did have reasonable cause for such belief, obviously the sole issue presented by the appeal from that judgment to this court is whether or not the trial court was warranted in reaching that conclusion.

Appellant, as trustee of Vacek's bankrupt estate, brought the suit against appellees to set aside and have declared void as preferences, within the meaning and contemplation of the federal bankruptcy act of 1910, two deeds of trust given by the bankrupt, Staches Vacek, to appellees, and a cash payment of $1,119.78 made by him to one of them, the Schuhmacher Company. Trial was had before the court without a jury, and judgment rendered that appellant take nothing by his suit, and that appellees go hence and recover their costs.

No findings of fact nor conclusions of law

were requested or filed; but the parties filed in the court below an agreed stipulation as to facts, in which the material specifications were: (1) That Vacek was a bankrupt; (2) that within four months of his adjudication as such, he executed to appellees two deeds of trust, one to the bank for $3,500, $1,500 of which represented an antecedent debt due it, and the remaining $2,000 money loaned at that time by it to him, and the other to appellee Schuhmacher Company for $1,250 on the same date, also making to the latter the cash payment above mentioned; (3) that the appellees, through these deeds of trust and this cash payment, would realize a greater percentage of their debts than Vacek's other creditors; and (4) that at the time of the execution and delivery of the deeds of trust and payment of the money Vacek was insolvent; but it was not admitted, but expressly denied by the appellees First State Bank of Weimer, Tex., and the Schuhmacher Company that they, or either of them, had reasonable cause to believe that he was then insolvent, or that the deeds of trust were executed and the payment made for the purpose of giving them, or either of them, a preference over other creditors. In addition to these agreed facts, there was then introduced much conflicting testimony upon the only fact issue thereby left open, that is, the one last referred to, and which appellees expressly refused to admit.

[1] Under sections 60a and 60b of the bankruptcy act as amended in 1910, it was essential to appellant's recovery upon his action to establish a preference, not only that he prove all the facts admitted under this agreed stipulation, but also that he go further and establish the affirmative of our previously stated question: "Did appellees, or either of them, have reasonable cause to believe that the enforcement of the deeds of trust and the payment of the money would bring about a preference to them over other creditors?" Sections 60a and 60b, Bankruptcy Act, as amended in 1910; Grant v. National Bank, 97 U. S. 80, 24 L. Ed. 971; Stucky v. Masonic Savings Bank, 108 U. S. 74, 2 Sup. Ct. 219, 27 L. Ed. 640; Walker v. Tenison Bros. Saddlery Co., 94 S. W. 166; Couturie v. Crespi, 63 Tex. Civ. App. 613, 134 S. W. 257, writ of error denied by Supreme Court, 105 Tex. 657.

[2, 3] As stated there was much conflicting testimony upon that issue, and in discussing and urging that his construction of it should be adopted, appellant inquires, "Which of these witnesses is to be believed?" But it is not within the province of this court to answer the question; upon the contrary, its determination was within the exclusive cognizance of the trial court, and since that court rendered a general judgment in favor of appellees, an essential element of that judgment being that no preference within the meaning of the bankruptcy law had been shown, we must, in the absence of a specific fact finding, presume that it found every fact necessary to support its judgment, which included a finding that the evidence failed to show reasonable cause for belief upon appellees' part that a preference would be effected. The only function then left for this court is to determine whether or not there is in the record sufficient evidence to support that finding; and, after a most careful examination of the statement of facts, we think it not doubtful that there was such evidence, if indeed the testimony did not preponderate in favor of the court's conclusion.

In this state of the record, and without attempting to detail or summarize the testimony, we conclude that there was ample warrant for the judgment entered, and that we are not at liberty to disturb it.

Affirmed.