Theodore M. Mantz, Trustee, Appellant, v. Capital City State Bank, Appellee.

**BANKRUPTCY:** Unlawful Preference—Evidence. Evidence held insufficient to show that a creditor, in receiving a payment from his debtor within four months of an adjudication of bankruptcy, had good cause to believe the debtor bankrupt.

*Appeal from Des Moines Municipal Court.*—J. E. Mershon, Judge.

February 8, 1921.

Rehearing Denied May 10, 1921.

Suit by the plaintiff, as trustee in bankruptcy of the King Manufacturing Company, to recover from the defendant bank the sum of $800, paid to such bank within four months prior to the adjudication of bankruptcy. It is alleged that, when the defendant bank received such payment of $800, it had good cause to believe its debtor to be bankrupt, and that the payment of such sum by the debtor constituted a preference, within the meaning of the Federal Bankruptcy Act. The defense was a general denial. There was a trial to the court, and a judgment dismissing the petition. The plaintiff appeals.—*Affirmed.*

*C. H. Miller,* for appellant.

*J. L. Gillespie,* for appellee.

Evans, C. J.—The King Manufacturing Company was adjudged a bankrupt on December 6, 1916. Twenty days prior to such date, it had made payment to the defendant bank, as one of its creditors, of the sum of $800. The crucial question in the case is one of fact. It is whether the bank had good cause to believe, at the time it received such payment, that such company was insolvent.

In view of our agreement with the conclusion of the trial

court on the question of fact, there is little occasion that we enter into a discussion of the details of the evidence. We think the evidence fails to prove that the defendant did have good cause to believe such insolvency. Indeed, the evidence is far from conclusive that the officers of the debtor company believed that their company was insolvent at that time. Be that as it may, we see in the record little reason for saying that the defendant had good cause to believe that the company was insolvent. It is well settled by the authorities that mere apprehension, or even ground of suspicion, on the part of a creditor is not the equivalent of good cause to believe. Solvency is the rule, and insolvency the exception. The indebtedness to the bank was for borrowed money, for use in the business. It was evidenced by short-time notes. The fact that the money was loaned is evidence of the good-faith belief of the bank officers in the solvency of their debtor. True, renewal notes had been given, from time to time, for the original indebtedness. But such renewals were also evidence tending to show belief in the solvency of the borrower. The burden was upon the plaintiff. The quality of proof required is indicated in *Grant v. National Bank,* 97 U. S. 80, and in *In re Eggert,* 102 Fed. 735. The discussion in the cited cases strongly supports the finding of the trial court. The debtor company was in the lightning rod business. The great disturbance in values and the increased cost of material had rendered its existing capital inadequate to do business on the new basis. The extent of its credit was necessarily circumscribed by the amount of its capital, and was limited by the same inadequacy. For such reason, the officers of the corporation determined to liquidate, and to convert all assets into cash. The par value of the assets was substantially in excess of the indebtedness. The actual liquidation, however, resulted in great shrinkage. This was especially so as to accounts and bills receivable.

One circumstance stressed by appellant is that about $500 of the amount paid to the defendant was applied upon a note not due. We do not see great significance in such circumstance. The note was nearly due. The company was liquidating. The officers were professing to apply all proceeds to the liquidation of debts.

Upon the whole record, we are satisfied that the trial court properly dismissed the petition. Its judgment is, accordingly, —*Affirmed.*

WEAVER, PRESTON, and DE GRAFF, JJ., concur.