B. M. SOPER, Trustee, Appellant, v. INTERNATIONAL HARVESTER COMPANY OF AMERICA, Appellee.

BANKRUPTCY: Preferences—Suspicion of Insolvency. A payment by an insolvent on his debt within four months prior to an adjudication of bankruptcy will not be adjudged to constitute an unlawful preference, on a showing which goes no further than to show that the

creditor, when he received the payment, may have had some reason to *suspect* that the debtor was insolvent.

*Appeal from Story District Court.*—E. M. McCALL, Judge.

### NOVEMBER 21, 1922.

ACTION by plaintiff, trustee, to recover about $3,000 paid by the bankrupt to the defendant at different times, and in different amounts, within four months next preceding the bankruptcy. It is alleged that this constituted a preference, and plaintiff seeks to recover it. The trial court found for defendant. Plaintiff appeals.—*Affirmed.*

*Bert B. Welty, E. H. Addison,* and *Dale & Harvison,* for appellant.

*George Wambach* and *Fred E. Hansen,* for appellee.

PRESTON, J.—Vinsel was adjudged a bankrupt January 29, 1919. It is contended by appellee, and the trial court so found, that the plaintiff had not met the burden, and shown that the payments were made with knowledge on the part of defendant, or with a reasonable cause to believe that the collection by it of its claims against the bankrupt would effect a preference. The evidence on behalf of plaintiff consists almost entirely of the testimony of the bankrupt, who now appears to desire that all his creditors should be paid equally. He testifies, among other things, that he had told three representatives of the defendant company that he was insolvent, and that he could not pay his other creditors if he paid defendant, and that he intended the payments as a preference. The three representatives testify in the case, and deny this evidence by the bankrupt. It appears with little, if any, dispute that the bankrupt told the three representatives that he had notes and book accounts in the amount of $4,500, and merchandise on hand in the amount of $4,000, and that his indebtedness was $4,300. The three persons just referred to gave testimony tending to show that they had no knowledge of the alleged insolvency, and that no preference was intended. In a letter written to defendant December 16, 1918, Vinsel gave the figures above, and claimed that defend-

ant's traveling men had loaded him up; that the roads were so bad that no one could haul corn; and that he could not sell notes. In another letter at about the same time, he wrote that he would have money for them in a short time, and that he was going to quit the International people if they couldn't carry some stuff. Vinsel testifies, in regard to these letters, that he believed he was able to pay all his debts, and said that, if he sold everything he had, he could pay all his debts, and have some left. It may be conceded that defendant and its representatives were, at times, insistent upon payment. It is thought that payment under pressure is inconsistent with the claim that Vinsel made the payments voluntarily, and with the purpose of creating a preference. The bankrupt complained that collections were hard, and that it was difficult to borrow money. A banker testifies that the bankrupt was worried somewhat. It would serve no useful purpose to go into the evidence in further detail. It is enough to say that, having read the evidence, we are satisfied that the plaintiff has not met the burden, and that the trial court properly so held. Apprehension or suspicion on the part of a creditor is not the equivalent of good cause for it to believe that the debtor is insolvent at the time the payments are made. *Waite v. Citizens St. Bank,* 178 Iowa 1331; *Mantz v. Capital City St. Bank,* 191 Iowa 572; *Burnham v. Fort Dodge Groc. Co.,* 144 Iowa 577; *Stucky v. Masonic Sav. Bank,* 108 U. S. 74.

It is contended by appellee that the payments were made in satisfaction of conditional sales contracts; that the contracts were entered into more than four months prior to the filing of the petition in bankruptcy; that all the payments were applied as payments for goods delivered to Vinsel, the title to which goods was in the defendant company; and that the transactions are binding upon the trustee. On this they cite, among other cases, *Jaquith v. Alden,* 189 U. S. 78; *Hurley v. Atchison, T. & S. F. R. Co.,* 213 U. S. 126; *American Laundry Mach. Co. v. Everybody's Laundry,* 185 Iowa 760; *Potter v. American Ptg. & Lith. Co.,* 182 Iowa 458.

In the view we take of the evidence, as stated in the fore

part of this opinion, we deem it unnecessary to discuss this or other questions argued. The judgment is—*Affirmed.*

STEVENS, C. J., WEAVER and DE GRAFF, JJ., concur.