TAMPA DRUG COMPANY, A CORPORATION, *Plaintiff in Error,* v. J. M. DUNCAN, AS TRUSTEE OF THE ESTATE OF PAUL STANLEY, BANKRUPT, *Defendant in Error.*

Division B.

Opinion Filed July 12, 1926.

1. Although a creditor may have some cause to suspect the insolvency of the debtor, he does not thereby necessarily come within the rule which will make a payment made to him

under such conditions have the status of a preference; but there must be such knowledge of facts as would induce a reasonable belief in the ordinary man that a preference would result.

2.  It is not enough that some creditor has some cause to suspect the insolvency of his debtor, but he must have such knowledge of facts as to induce a reasonable belief of his debtor's insolvency, in order to invalidate a security taken for his debt.

3.  A creditor dealing with a debtor whom he may suspect to be in insolvent circumstances, but of which he may not have sufficient evidence may receive payments without violating the bankruptcy law. He may be unwilling to trust him further; he may be anxious about his claims, and desire to secure it; but such belief as the act requires may be wanting.

4.  The burden of proof of the existence of the reasonable cause of belief is on the trustee.

A Writ of Error to the Circuit Court for Osceola County; C. O. Andrews, Judge.

Reversed.

*Mabry, Reaves & Carlton,* for Plaintiff in Error;

*Johnston & Garrett,* for Defendant in Error.

BUFORD, J.—Suit was brought by the Trustee in the Circuit Court of Osceola County, against the Tampa Drug Company, seeking to recover for the benefit of the bankrupt's estate the sum of four payments alleged to have been made by Stanley to the Tampa Drug Company, upon account, within four months prior to the adjudication of bankruptcy. The trustee alleged that Stanley was insolvent at the time of each of the payments and that the

Tampa Drug Company had reason to believe that said payments and each of them would work a preference in its favor against other creditors. That Stanley was insolvent at the time of such payments and that the Drug Company had reasonable cause to believe that he was insolvent. The payments involved were as follows:

| | |
|---|---|
| March 19, 1923 ................. | $1077.04 |
| May 9, 1923.................... | 1110.37 |
| June 18, 1923 ................ | 596.57 |
| June 26, 1923 ................ | 884.96 |

The adjudication of bankruptcy occurred July 17, 1923.

The Drug Company filed pleas denying that the insolvency of Stanley at the time of each payment; also, denying that the Drug Company had any reasonable cause to believe that such payment would work a preference in its favor; also, a plea of not guilty; and also filed a plea that it had extended credit to Stanley after the first payment involved and prior to the adjudication of bankruptcy the sum of $873.84.

At the conclusion of the plaintiff's testimony following a motion by the defendant for an instructed verdict, the Court instructed the jury that they could not find a verdict in favor of the plaintiff based upon either of the first two items, viz: the payments of March 19th and May 9th. The verdict was found for the plaintiff in the sum of $1481.56 and judgment entered therefor.

From this judgment the defendant in the court below sued out writ of error.

There were several assignments of error but it will be necessary only to consider those involving the sufficiency of the evidence in regard to the knowledge of the Drug Company as to the insolvency of Stanley.

The law appears to be well settled: that although a cred-

itor may have some cause to suspect the insolvency of the debtor, he does not thereby necessarily come within the rule which will make a payment made to him under such conditions occupy the status of a preference; but there must be such a knowledge of facts as would induce a reasonable belief in the ordinary man that a preference would result. In Grant v. National Bank, 97 U. S. 80, 24 L. Ed. 971, it is held: ''It is not enough that some creditor has some cause to suspect the insolvency of his debtor, but he must have such knowledge of facts as to induce a reasonable belief of his debtor's insolvency, in order to invalidate a security taken for his debt. To make mere suspicion a ground of nullity in such a case would render the business transactions of the community altogether too insecure. It was never the intention of the framers of the act to establish any such rule. A man may have many grounds of suspicion that his debtor is in failing circumstances and yet have no cause for a well grounded belief of the fact. He may be unwilling to trust him further; he may feel anxious about his claims, and have a strong desire to secure it; and yet such belief as the act requires may be wanting. Obtaining additional security or receiving payment of a debt under such circumstances is not prohibited by law. Receiving payments is put in the same category in the section referred to as receiving security. Hundreds of men constantly continue to make payments up to the very eve of their failure, which it would be very unjust and disastrous to set aside. And yet this could be done in a large proportion of cases if mere grounds of suspicion of their insolvency were sufficient for the purpose.''

In Stuckey v. Masonic Savings Bank, 108 U. S. 74, 27 L. Ed. 640, it is held: ''A creditor dealing with a debtor whom he may suspect to be in insolvent circumstance, but of which he may not have sufficient evidence, may receive

payments without violating the bankruptcy law. He may be unwilling to trust him further; he may be anxious about his claims, and desire to secure it; but such belief as the Act requires may be wanting. Additional security and receiving payments under such circumstances are not prohibited by law.''

The burden of proof of the existence of the reasonable cause of belief is on the trustee. Pyle v. Texas Transp. & Term. Co., 238 U. S. 90, 59 L. Ed. 1215, and cases there cited.

From careful consideration of the evidence we find that it does not meet the requirements of the rule as stated. The evidence fails to show that Stanley knew himself to be insolvent at the time the payments were made; it also fails to show that either the debtor or the Drug Company or any other person at that time had reason to believe that Stanley was insolvent or was about to become a bankrupt. At the most the evidence shows that Stanley realized that he was in a cramped financial condition and that his creditors had information that he was in such position; but it appears that Stanley and those creditors most intimately acquainted with his affairs believed up until the time the petition in bankruptcy was filed that Stanley possessed sufficient assets to cover his liabilities and that in all probability he would be able to so handle his assets as to meet his liabilities without loss to any creditor. There is no evidence of any effort toward concealing, either by Stanley or the Tampa Drug Company, any phase of the transaction between them.

We therefore must find that the evidence was not sufficient to support the verdict and the judgment should be reversed. And it is so ordered.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.